UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : **CRIMINAL COMPLAINT** |
| v. | : Hon. James B. Clark III |
| RAFAEL TEJADA<br>a/k/a "Rafaelas Tijada,"<br>a/k/a "Gilberto Marrero-Garcia,"<br>a/k/a "Reynaldo Tejada" | : Mag. No. 20-12255 |

I, Ian Patel, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached page and made a part hereof.

Ian Patel
Deportation Officer
Immigration and Customs Enforcement

Deportation Officer Patel attested to this affidavit by telephone pursuant to Rule 4.1(b)(2)(A) of the Federal Rules of Criminal Procedure.

Sworn to and subscribed before me this 16th day of July, 2020 in the District of New Jersey

HONORABLE JAMES B. CLARK III
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

## ATTACHMENT A

(Illegal Re-Entry Into the United States)

On a date on or after October 1, 2013, and on or before October 17, 2019, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

**RAFAEL TEJADA,**
a/k/a "Rafaelas Tijada,"
a/k/a "Gilberto Marrero-Garcia,"
a/k/a "Reynaldo Tejada,"

being an alien, and on or about January 10, 2003, having been convicted in the Eastern District of New York for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, contrary to Title 21, United States Code, Section 841(b)(1)(C), in violation of Title 21, United States Code, Section 846, an aggravated felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

## ATTACHMENT B

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and evidence. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.

1. Defendant RAFAEL TEJADA, a/k/a "Rafaelas Tijada," a/k/a "Gilberto Marrero-Garcia," a/k/a "Reynaldo Tejada," ("TEJADA"), is a citizen of the Dominican Republic, and he neither is a citizen nor a national of the United States.

2. On or about April 19, 2002, TEJADA was arrested by law enforcement officers in the Eastern District of New York for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, contrary to Title 21, United States Code, Section 841(b)(1)(C), in violation of Title 21, United States Code, Section 846.

3. On or about January 10, 2003, TEJADA pled guilty in the United States District Court for the Eastern District of New York to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, contrary to Title 21, United States Code, Section 841(b)(1)(C), in violation of Title 21, United States Code, Section 846 and was subsequently sentenced to sixty months' imprisonment. The Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base charge is an aggravated felony under Title 8, United States Code, Section 1101(a)(43)(B).

4. Thereafter, on or about September 12, 2006, TEJADA was ordered removed from the United States to the Dominican Republic by an Immigration Judge sitting in Elizabeth, New Jersey.

5. On or about September 25, 2006, TEJADA was removed from the United States to the Dominican Republic. Shortly before his removal from the United States on or about September 25, 2006, an official from ICE took a fingerprint from TEJADA.

6. At some point after his September 25, 2006 removal, TEJADA re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

7. On or about July 30, 2009, TEJADA was arrested by law enforcement officers in New York City for narcotics possession. Subsequently, on or about March 17, 2010, TEJADA pled guilty in New York County Supreme Court to Criminal

Possession of a Controlled Substance, namely heroin, in the First Degree, in violation of Section 220.21(1) of the New York Penal Law and was subsequently sentenced to approximately forty-two months' imprisonment.

8.  On or about November 12, 2009, TEJADA was arrested by law enforcement officers in the Southern District of New York for Illegal Re-Entry. Thereafter, on or about December 15, 2009, TEJADA pled guilty in the United States District Court for the Southern District of New York to Illegal Re-Entry, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2) and was subsequently sentenced to forty-six months' imprisonment.

9.  On or about October 1, 2013, TEJADA was removed from the United States to the Dominican Republic.

10. At some point after his October 1, 2013 removal, TEJADA re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

11. On or about October 17, 2019, TEJADA was arrested by law enforcement in Bergen County, New Jersey for narcotics and others offenses. On or about June 26, 2020, TEJADA pled guilty in the Superior Court of New Jersey, Bergen County, to Manufacture/Distribute of a Controlled Dangerous Substance or Intent to Manufacture, namely fentanyl, in violation of N.J.S.A. 2C:35-5A(1) and 2C:35-5B(4).

12. The fingerprints taken from TEJADA's April 19, 2002 arrest for cocaine possession, his November 12, 2009 arrest for illegal re-entry, and his September 25, 2006 deportation record, and his most recent October 17, 2019 arrest were compared. All the fingerprints were found to be identical, confirming that TEJADA is the same individual convicted of the offenses described above and who was previously twice-removed from the United States.

13. Prior to TEJADA's reentries into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to TEJADA re-entering the United States. TEJADA also did not receive a waiver allowing him to re-enter the United States.